UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

MELANIE A. SERVIDIO,
and other similarly situated individuals,

    Plaintiff,

v.

FOTO BOYZ INC.,
PAW EQUITY HOLDINGS, INC.
d/b/a FOTOBOYZEVENTS. COM
PHILIP WEXLER, and
MICHAEL WEXLER, individually

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MELANIE A. SERVIDIO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants FOTO BOYZ INC., PAW EQUITY HOLDINGS, INC., d/b/a FOTOBOYZEVENTS.COM, PHILIP WEXLER, and MICHAEL WEXLER, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337, Title 29 U.S.C. § 201-219, and the Fair Labor Standards Act, "the Act" (Section 216 (b) for jurisdictional placement).

2. Plaintiff MELANIE A. SERVIDIO is a resident of Palm Beach County. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendants FOTO BOYZ INC., PAW EQUITY HOLDINGS, INC. d/b/a FOTOBOYZEVENTS. COM are Florida Profit Corporations having offices in and performing business in Palma Beach County. At all times, Defendants were engaged in interstate commerce.

4. The individual Defendants PHILIP WEXLER and MICHAEL WEXLER are the owners/partners/ and managers of FOTO BOYZ INC. and PAW EQUITY HOLDINGS, INC. d/b/a FOTOBOYZEVENTS. COM. These individual Defendants are the employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. Corporate Defendants FOTO BOYZ INC. and PAW EQUITY HOLDINGS, INC. d/b/a FOTOBOYZEVENTS. COM are joint employers of Plaintiff.

6. All the actions raised in this Complaint took place in Palm Beach County, Florida, within this Court's jurisdiction.

ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff MELANIE A. SERVIDIO as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2019, (the "material time") without being compensated.

8. Defendants FOTO BOYZ INC. and PAW EQUITY HOLDINGS, INC. d/b/a FOTOBOYZEVENTS. COM are graphic designers, marketing and web designers. Defendants also are event planners, and rental companies for photo booths, games, and backdrops. Defendants specialize in the production of all kinds of private and corporate, or commercial marketing events.

9. Corporate Defendants FOTO BOYZ INC. and PAW EQUITY HOLDINGS, INC. d/b/a FOTOBOYZEVENTS. COM have offices located at 7575 Topiary Avenue, Boynton Beach, Florida 33437. Plaintiff performed her work at 801 North Congress Avenue. Suite 529, Boynton Beach, FL 33426.

10. Defendants FOTO BOYZ INC. and PAW EQUITY HOLDINGS, INC. d/b/a FOTOBOYZEVENTS. COM were joint employers of Plaintiff because: 1) Corporate Defendants PHILIP WEXLER and MICHAEL WEXLER had equal and absolute control over the schedules of Plaintiff and other employees similarly situated; 2) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 3) Corporate Defendants had the arrangement to share employees and had equal power to hire and to fire employees from FOTO BOYZ INC. and PAW EQUITY HOLDINGS, INC. d/b/a FOTOBOYZEVENTS.COM; 4) Individual Defendants PHILIP WEXLER and MICHAEL WEXLER personally supervised schedules, and times records of Plaintiff and other similarly situated individuals.

11. Therefore, because Corporate Defendants equally hired and fired employees, supervised and controlled Plaintiff's work schedules and activities, maintained employment records of Plaintiff and other similarly situated individuals, and because the work performed by

Plaintiff and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants FOTO BOYZ INC. and PAW EQUITY HOLDINGS, INC. d/b/a FOTOBOYZEVENTS. COM are joint employers within the meaning of the FLSA.

12. Defendants FOTO BOYZ INC. and PAW EQUITY HOLDINGS, INC. d/b/a FOTOBOYZEVENTS are also the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

13. Defendants FOTO BOYZ INC. and PAW EQUITY HOLDINGS, INC. d/b/a FOTOBOYZEVENTS. COM hereinafter will be called collectively FOTOBOYZ EVENTS.

14. Defendants FOTOBOYZ EVENTS, PHILIP WEXLER and MICHAEL WEXLER employed Plaintiff MELANIE A. SERVIDIO as a full-time, non-exempt, hourly employee from approximately October 14, 2020, to April 22, 2022, or 79 weeks.

15. Plaintiff performed as a graphic designer, event planner, and coordinator. Plaintiff's last wage rate was $25.00 plus a payment of $200.00 per event. Previously, Plaintiff had an hourly rate of $19.00, and $17.00 plus a payment of $175.00 and $150.00 per event. Plaintiff's overtime rate should be one time and one-half her regular rate.

16. Plaintiff worked under the supervision of PHILIP WEXLER and MICHAEL WEXLER. Plaintiff did not use her true creativity, freedom, and discretion to complete her job assignments. She was continually subjected to corporate control.

17. During her relevant time of employment, Plaintiff worked 5, 6 or 7 days per week. Plaintiff had an irregular schedule. Usually, from Monday to Friday, Plaintiff worked at the office

from 10:00 AM to 5:00 PM (7 hours daily). Plaintiff completed a minimum average of 35 working hours at the office. Sometimes Plaintiff began to work earlier, and she finished later.  Sometimes Plaintiff completed other work-related tasks after 5 PM.

18. Plaintiff always worked more than 40 hours every week, but she was compensated only for the work performed at the office, a maximum of 35 regular hours.

19. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S.C. §206 states (a) of the Fair Labor Standards Act.

20. At home, Plaintiff worked at least 3 hours daily completing graphic design work.  Plaintiff worked a minimum of 15 hours of uncompensated work every week. during the week.

21. Besides the work performed at the office and at home, Plaintiff spent many overtime hours (hours in excess- of 40 per week) a huge amount of overtime hours performing event-related activities such as setting up photo booths, rental games, entertainment booths like wax hand creations, spin art t-shirt, airbrush tattoos, etc.

22. To carry out these events Plaintiff drove to different cities as far away as Miami, and Orlando, but she was not paid for travel time.

23. Plaintiff was compensated for the work performed at the office, or about 35 regular hours plus $200.00 per event.  However, Plaintiff was not paid for overtime hours.

24. Plaintiff clocked in and out at the office, and Defendants could track the number of hours worked by Plaintiff every week.

25. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

26. Plaintiff was paid weekly through Zelle, Venmo, with paystubs that did not provide the number of days and hours worked every week, wage rate paid, number of events paid, etc.

27. Plaintiff is not in possession of time and payment records, but she estimates that every week she was not paid for a minimum of 5 regular hours.

28. Regarding her overtime hours, Plaintiff was not compensated for a minimum of 15 hours worked at home. These 15 hours constitute 15 hours of unpaid overtime hours.

29. Furthermore, Plaintiff estimated that she was not compensated for a minimum average of 10 hours performing at the events locations every week.

30. Plaintiff's overtime rate should be calculated over her regular rate plus the additional amount of $200.00, $175.00, or $150.00.00 paid to Plaintiff per event.

31. Thus, without the benefit of discovery, Plaintiff intends to recover a minimum of 5 regular hours, plus a minimum of 30 overtime hours per week that includes 15 hours worked at home, 10 hours worked at Defendants' events, plus 5 hours of travel time.

32. On or about April 22, 2022, Plaintiff resigned from her position due to multiple conflicts and disagreement regarding her payment plan.

33. Plaintiff MELANIE A. SERVIDIO seeks to recover overtime wages for every hour in excess of 40 that he worked, retaliatory damages, liquidated damages, and any other relief as allowable by law.

34. The additional persons who may become Plaintiff in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

35. Plaintiff MELANIE A. SERVIDIO re-adopts every factual allegation stated in paragraphs 1-34 above as if set out in full herein.

36. This action is brought by Plaintiff and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

37. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant FOTOBOYZ EVENTS is a graphic designer, marketing and web designer, event planner, and rental company. Defendant had more than two employees regularly engaged in interstate commerce. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

38. Plaintiff was employed by an enterprise engaged in interstate commerce, and Plaintiff's work likewise affected interstate commerce Plaintiff was a graphic designer material regularly engaged in the production of marketing material promoting interstate commerce. Therefore, there is individual coverage.

39. Defendants FOTOBOYZ EVENTS, PHILIP WEXLER and MICHAEL WEXLER employed Plaintiff MELANIE A. SERVIDIO as a full-time, non-exempted, hourly employee from approximately October 14, 2020, to April 22, 2022, or 79 weeks.

40. Plaintiff performed as a graphic designer, event planner, and coordinator. Plaintiff last wage rate was $25.00 plus a payment of $200.00 per event. Previously, Plaintiff had an hourly rate of $19.00, and $17.00 plus a payment of $175.00 and $150.00 per event. Plaintiff's overtime rate should be one time and one-half her regular

41. During her relevant time of employment Plaintiff worked 5, 6 or 7 days per week. Plaintiff had an irregular schedule. Usually, from Monday to Friday, Plaintiff worked at the office from 10:00 AM to 5:00 PM (7 hours daily). Plaintiff completed a minimum average of 35 working hours at the office. Sometimes Plaintiff began to work earlier, and she finished later.

42. At home, Plaintiff worked at least 3 hours daily completing graphic design work. Plaintiff worked a minimum of 15 hours of uncompensated work every week. during the week.

43. Besides the work performed at the office and at home, Plaintiff spent many overtime hours (hours in excess- of 40 per week) a huge amount of overtime hours performing event-related activities such as setting up photo booths, rental games, and entertainment booths like wax hand creations, spin art t-shirt, airbrush tattoos, etc.

44. To carry out these events Plaintiff drove to different cities as far away as Miami, and Orlando, but she was not paid for travel time.

45. Plaintiff was compensated for the work performed at the office, or about 35 regular hours plus $200.00 per event. However, Plaintiff was not paid for overtime hours.

46. Plaintiff clocked in and out at the office, and Defendants could track the number of hours worked by Plaintiff every week.

47. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

48. Plaintiff was paid weekly through Zelle, Venmo, with paystubs that did not provide the number of days and hours worked every week, wage rate paid, number of events paid, etc.

49. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees, should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

50. Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act and Federal Law. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

51. At all times material hereto, the Employer/Defendant FOTOBOYZ EVENTS failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly situated performed services and worked in excess of the

maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

52. Defendant FOTOBOYZ EVENTS showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

53. At times mentioned, individual Defendants PHILIP WEXLER and MICHAEL WEXLER were the owners, managers of FOTOBOYZ EVENTS'S where Plaintiff worked. Defendants PHILIP WEXLER and MICHAEL WEXLER were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of FOTOBOYZ EVENTS in relation to their employees, including Plaintiff and others similarly situated. Defendants PHILIP WEXLER and MICHAEL WEXLER had operational control of the department determined terms and working conditions of Plaintiff and other similarly situated employees. they are jointly and severally liable for Plaintiff's damages.

54. Defendants FOTOBOYZ EVENTS, PHILIP WEXLER and MICHAEL WEXLER willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

55. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MELANIE A. SERVIDIO and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MELANIE A. SERVIDIO and other similarly-situated and against the Defendants FOTOBOYZ EVENTS, PHILIP WEXLER and MICHAEL WEXLER based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MELANIE A. SERVIDIO and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

56. Plaintiff MELANIE A. SERVIDIO re-adopts every factual allegation as stated in paragraphs 1-34 of this Complaint as if set out in full herein.

57. This action is brought by Plaintiff MELANIE A. SERVIDIO and those similarly situated to recover from the Employer FOTOBOYZ EVENTS unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the

provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

58. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant FOTOBOYZ EVENTS is a graphic designer, marketing and web designer, event planner, and rental company. Defendant had more than two employees regularly engaged in interstate commerce. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

59. Plaintiff was employed by an enterprise engaged in interstate commerce, and Plaintiff's work likewise affected interstate commerce Plaintiff was a graphic designer material regularly engaged in the production of marketing material promoting interstate commerce. Therefore, there is individual coverage.

60. 29 U.S.C. §206 states (a) "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—
   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

61. Defendants FOTOBOYZ EVENTS, PHILIP WEXLER and MICHAEL WEXLER employed Plaintiff MELANIE A. SERVIDIO as a full-time, non-exempted, hourly employee from approximately October 14, 2020, to April 22, 2022, or 79 weeks.

62. Plaintiff performed as a graphic designer, event planner, and coordinator. Plaintiff last wage rate was $25.00 plus a payment of $200.00 per event. Previously, Plaintiff had an hourly rate of $19.00, and $17.00 plus a payment of $175.00 and $150.00 per event.

63. During her relevant time of employment, Plaintiff worked 5, 6 or 7 days per week. Plaintiff had an irregular schedule. Usually, from Monday to Friday, Plaintiff worked at the office from 10:00 AM to 5:00 PM (7 hours daily). Plaintiff completed a minimum average of 35 working hours at the office. Sometimes Plaintiff began to work earlier, and she finished later. Sometimes Plaintiff completed other work-related tasks after 5 PM.

64. Plaintiff worked more than 40 hours every week, but she was compensated only for the work performed at the office, a maximum of 35 regular hours.

65. There was a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

66. Plaintiff clocked in and out at the office, and Defendants could track the number of hours worked by Plaintiff every week.

67. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S.C. §206 states (a) of the Fair Labor Standards Act.

68. Plaintiff was paid weekly through Zelle, Venmo, and checks, with paystubs that did not provide the number of days and hours worked every week, wage rate paid, number of events paid, etc.

69. Plaintiff is not in possession of time and payment records, but she estimates that every week she was not paid for a minimum of 5 regular hours.

70. Thus, without the benefit of discovery, Plaintiff intends to recover a minimum of 5 regular hours per week. After discovery Plaintiff will adjust her calculations to include any regular hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

71. On or about April 22, 2022, Plaintiff resigned from her position due to multiple conflicts and disagreement regarding her payment plan.

72. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

73. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

74. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

75. Plaintiff is not in possession of time and payment records, but without the benefit of discovery, she is claiming an average of 5 regular unpaid hours for every week that she worked for Defendants. After discovery, Plaintiff will amend her Complaint accordingly.

76. At the time of the filing of this Complaint, the Plaintiff' good faith estimate of unpaid wages is as follows:

*Florida minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  Total amount of alleged unpaid wages:

        Three Thousand Five Hundred Nineteen Dollars and 80/100 ($3,519.80)

    b.  Calculation of such wages:

        Total weeks of employment:  79 weeks
        Total relevant weeks of employment: 79 weeks
        Total hours worked: 40 hours weekly
        Total regular unpaid hours: 5 hours weekly
        Total unpaid weeks:   79 weeks

            1.- Unpaid Minimum wages for 5 hours weekly for 11 weeks 2020
            2020 Fl. Min. wage $8.56 x 5 hrs.= $42.80 weekly x 11 weeks=$470.80

            2.- Unpaid Minimum wages for 5 hours weekly for 52 weeks 2021
            2021 Fl. Min. wage $8.65 x 5 hrs.=$43.25 weekly x 52 weeks=$2,249.00

            3.- Unpaid Minimum wages for 5 hours weekly for 16 weeks 2022
            2022 Fl. Min. wage $10.00 x 5 hrs.=$50.00 weekly x 16 weeks=$800.00

        Total #1, #2 and #3: $3,519.80

    c.  Nature of wages:

        This amount represents unpaid Min. wages at Florida Min. wage rate

77. Defendants FOTOBOYZ EVENTS, PHILIP WEXLER and MICHAEL WEXLER unlawfully failed to pay Plaintiff minimum wages.

78. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

79. At times mentioned, individual Defendants PHILIP WEXLER and MICHAEL WEXLER were the owners, managers of FOTOBOYZ EVENTS where Plaintiff worked. Defendants

PHILIP WEXLER and MICHAEL WEXLER were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of FOTOBOYZ EVENTS in relation to their employees, including Plaintiff and others similarly situated. Defendants PHILIP WEXLER and MICHAEL WEXLER had operational control of the department determined terms and working conditions of Plaintiff and other similarly situated employees. They are jointly and severally liable for Plaintiff's damages.

80. Defendants FOTOBOYZ EVENTS, PHILIP WEXLER and MICHAEL WEXLER willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff' employment with Defendants as set forth above. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action, and she is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MELANIE A. SERVIDIO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MELANIE A. SERVIDIO and against the Defendants FOTOBOYZ EVENTS, PHILIP WEXLER and MICHAEL WEXLER based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff' actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MELANIE A. SERVIDIO and those similarly situated demand trial by jury of all issues triable as of right by jury.

Dated:  May 23, 2022

                                      Respectfully submitted,

                                      By:  **/s/ Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone: (305) 446-1500
                                      Facsimile:  (305) 446-1502
                                      zep@thepalmalawgroup.com
                                          *Attorney for Plaintiff*